UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| JAVAN KING, | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| Defendant. | : | 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Mail Fraud)

1. Javan King resided in Maryland.

2. King was an Information Technology contractor for the Department of Justice's Civil Rights Division.

3. FedEx was a commercial interstate carrier.

**The Scheme**

4. From approximately 2021 through 2025, in the District of Columbia and elsewhere, King devised a scheme to defraud the Department of Justice, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

5. It was part of the scheme that King used his position as an IT contractor to successfully request that DOJ order thousands of mobile devices, which the Department did not need.

6. For example, on June 10, 2025, King requested that the Department order 164 new lines/iPhone 15s in which he falsely asserted that 22 of the lines/phones were for political

appointees, 32 were for incoming criminal attorneys, 60 were for new employees, 35 were for incoming education attorneys, and 15 were "extra."

7. It was further part of the scheme that King caused unnecessary phones to be shipped to him at the DOJ Civil Rights Division's office in Washington, D.C.

8. For example, because of King's June 10, 2025, request noted above, the Department of Justice ordered 163 phones from AT&T. All 163 phones were shipped via FedEx from Indiana to King at the DOJ Civil Rights Division's office in Washington, D.C.

9. It was a further part of the scheme that King sold approximately 4,700 phones that he fraudulently acquired to at least nine phone resellers, i.e., businesses that purchased mobile devices and then sold them to others.

10. For example, King sold at least 162 of the 163 phones noted above to a phone reseller located in Tennessee, which paid him $170 for each phone.

11. It was further part of the scheme that the phone resellers paid King via PayPal. Specifically, King received $1,327,938.97 in PayPal payments from the nine phone resellers.

12. As a result of King's scheme, the Department of Justice suffered an actual loss of $1,319,172.85, which was the total amount of money the Department paid AT&T for the extra lines/phones that King procured.

## Execution of the Scheme

13. On or about June 11, 2025, for the purpose of executing the scheme described above, King knowingly caused to be delivered by commercial interstate carrier according to the direction thereon the following matter: iPhones by FedEx to 150 M Street, N.E., Washington, D.C.

**(Mail Fraud, in Violation of Title 18, United States Code, Section 1341)**

# FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $1,327,938.97.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

Date: January 27, 2026          By: /s/ Kondi Kleinman
Kondi J. Kleinman
California Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
202.252.6887 | kondi.kleinman2@usdoj.gov